## COMMONWEALTH *vs.* PHILIP ANTHES.
## SAME *vs.* JOHN HUBER.

Under *St.* 1855, *c.* 215, § 1, prohibiting all unauthorized sales of intoxicating liquors, **and** declaring that lager beer shall be deemed intoxicating, lager beer may be described in the indictment as intoxicating liquor, and cannot be proved not to be intoxicating.

It is no ground of exception, that the judge presiding at a criminal trial refused to instruct the jury that the *St.* of 1855, *c.* 152, changed the law as it stood before by enlarging the power of the jury to judge of the law, and was constitutional; and instructed them that it was their duty to take the law from the court, and to conform their judgment and decision to its instructions, so far as they understood them, in applying the law to the facts to be found by them.

INDICTMENTS on *St.* 1855, *c.* 215, §§ 15, 17, for being common sellers of intoxicating liquors, and for unlawful single sales thereof.

At the trial of *Anthes* in the court of common pleas, the Commonwealth offered evidence tending to show sales of lager beer only. This the defendant did not deny; but offered to show, by the evidence of chemists, experts and those who were accustomed to use lager beer as a beverage, that it was not intoxicating. But *Perkins*, J. ruled that no evidence offered for that purpose was admissible; and that the provision of *St.* 1855, *c.* 215, § 1, that lager beer should be considered intoxicating within the meaning of this act, was conclusive. To these rulings, the defendant, being convicted of unlawful single sales, alleged exceptions.

At the trial of *Huber* in the same court, before *Sanger*, J., there was evidence of more than three sales of lager beer by the defendant within the period covered by the indictment. No witness testified that this liquor was intoxicating, and some

of the witnesses for the Commonwealth testified that in their opinion it was not intoxicating.

The defendant asked the court to instruct the jury " that they must be satisfied beyond a reasonable doubt that the beer sold by the defendant was not only the same article commonly called lager beer at the time of the passage of the liquor law of 1855, chapter 215, but must also be satisfied that it was in fact intoxicating liquor, in order to convict the defendant; that if the jury were satisfied that the article sold, though commonly called lager beer, was not intoxicating liquor, they were not required to convict the defendant, charged simply with selling intoxicating liquor; that the legislature has no authority to declare lager beer to be an intoxicating liquor, if it is not so in fact; but if the legislature has authority to prohibit the sale of lager beer specifically, it has no right to require a jury to convict the defendant under an indictment simply charging sales of intoxicating liquor, by proof of sales of lager beer, if the jury are satisfied that lager beer is not an intoxicating liquor;" and " that the jury law of 1855, chapter 152, did change the law as it stood before, by enlarging the power of juries to judge of the law in criminal cases, and was constitutional."

The court declined so to instruct the jury, but did instruct them " that it was within the authority of the legislature to prohibit the sale of intoxicating liquors as a beverage, as done by the act of 1855, chapter 215; that it was also within the authority of the legislature to include what was then commonly known as lager beer, as intoxicating liquor within the meaning of that act; and if the jurors were satisfied beyond a reasonable doubt that the defendant sold what was commonly known as lager beer, and the same article that was commonly known as lager beer at the time of the passage of the act of 1855, chapter 215, it would be sufficient proof of a sale of intoxicating liquor, without further proof that the liquor was intoxicating, and that it was not for them, in such case, to inquire whether the lager beer was intoxicating or not."

The court further instructed them, as to their duty as jurors, that " it is the duty of the jury to receive the law from the court,

and to conform their judgment and decision to such instructions, as far as they understand them, in applying the law to the facts to be found by them; and it is not within the legitimate province of the jury to revise, reconsider or decide contrary to such opinion or direction of the court in matter of law."

The defendant was found guilty of being a common seller of intoxicating liquors, and alleged exceptions.

*J. W. May*, for Anthes. This defendant is charged with unlawfully selling intoxicating liquor; one of the facts to be proved is that the liquor sold is intoxicating, and any evidence tending to show that it is not tends to disprove the charge and to show that the accused is not guilty, in other words, is proof in his favor, the right to produce which is secured to him by the Constitution and laws of the Commonwealth. Declaration of Rights, art. 12. Rev. Sts. *c.* 123, § 2. The clause in question of the *St.* of 1855, *c.* 215, § 1, is therefore, if rightly interpreted by the court below, in conflict with the Declaration of Rights and with the revised statutes. It should be so interpreted, if possible, as not to conflict with either; and this can be done by holding that it does not make the sale of lager beer conclusive, but only *prima facie* evidence of a sale of intoxicating liquors. If the Commonwealth had proved a sale of brandy, under the same statute, the defendant might have introduced testimony, if he could find it, that brandy was not intoxicating. The legislature cannot have intended more than to put lager beer and cider in the same predicament as brandy.

*W. Colburn*, for Huber. 1. The power of alienation is a necessary incident of the right of property. 1 Bl. Com. 138. 2 Kent Com. (6th ed.) 326. The *St.* of 1855, *c.* 215, inasmuch as it prohibits the sale, or keeping with intent to sell, of the intoxicating liquors or other property enumerated in that act, which a person might own when it went into operation, deprives him of the property itself, and is in violation of the Declaration of Rights, and the first principles of natural justice. *Wynehamer* v. *People*, 3 Kernan, 378. *Taylor* v. *Porter*, 4 Hill, 145. If the legislature have the right to prohibit the sale of intoxicating liquor, because it is such, they cannot, by declaring lager beer

to be an intoxicating liquor, allow it to be indicted by that name, and at the same time preclude an investigation of its qualities by a jury, and prohibit its sale as such; if they could, they might do the like with any kind of property, and practically deprive its owner of it.

2. It was the duty of the court to rule upon the question whether the *St.* of 1855, *c.* 152, enlarged the power of juries to judge of the law, and whether that act was constitutional. *Commonwealth* v. *Porter*, 10 Met. 286.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BY THE COURT. The principal question raised in these two cases is the same. The *St.* of 1855, *c.* 215, § 1, provides that it shall be unlawful and criminal for any person to sell any spirituous or intoxicating liquor, unless he is duly authorized as in that act provided; and that "ale, porter, strong beer, lager beer, cider and all wines, shall be considered intoxicating liquors, within the meaning of this act, as well as all distilled spirits; but this enumeration shall not prevent any other pure or mixed liquors from being regarded as intoxicating." What, then, is the real issue here? The defendants are charged with selling intoxicating liquors; the proof is that they sold lager beer. Taking the whole statute together, it is as if the legislature had provided that all intoxicating liquors, ale, porter, strong beer, lager beer, cider and wines should not be sold without authority. It is, as is often done, first stating a general definition, and then enumerating certain particular cases coming under it. The legislature cannot alter the nature of a thing; but they may prohibit the sale of a specific article. The issue here was whether the defendants sold lager beer. The evidence offered to show that lager beer was not intoxicating was rightly excluded, because not within the issue; and the same answer disposes of the objections strongly urged, founded on the Declaration of Rights. It has been the custom in this commonwealth from time immemorial for the legislature to regulate the sale of liquors as of noxious drugs. It is difficult to lay down any general rule, and therefore we shall not attempt it; but we are clearly of opinion that the provision in question was within the constitutional power of the legislature.

The other point raised in Huber's case was not much relied on. The ruling asked for upon the effect of the *St.* of 1855, *c.* 152, was opposed to the opinion of a majority of the court in *Commonwealth* v. *Anthes*, 5 Gray, 185. And a sufficient ruling upon the effect of that statute was embraced in the instructions given. *Exceptions overruled.*